In re Entry No. 49 of R. WILLIAMS.

(Filed 11 December, 1907).

1. **State's Land—Protestant—Nature of Action—Nonsuit.**

   The proceeding provided for by the statute for protesting by one the entry of another upon vacant and unappropriated State's lands is not a civil action, and the protestant cannot terminate the proceeding or avoid the effect of a judgment by submitting to a nonsuit.

2. **Same—Protestant—Protest Withdrawn—Judgment—Appeal.**

   The protestant to an entry of another upon the State's vacant and unappropriated lands can withdraw his protest, but he still remains a party to the action, is bound by such judgment as the statute authorizes to be made, and may appeal therefrom.

3. **Same—Protestant—Protest Withdrawn—Judgment.**

   When a protest to the entry of one upon the State's vacant and unappropriated lands has been withdrawn, the judgment, under Revisal, sec. 1713, should declare, after reciting the various steps in the proceedings, that the rights of the enterer or claimant, as set out in the record, be sustained and that the entry-taker deliver to the said enterer a copy of the entry, with its proper number and warrant to survey, or to survey the same in accordance with the statute providing for it, to the end that the enterer or claimant may apply for the issuance of a grant according to law.

4. **Same—Protestant—Protest Withdrawn—Costs.**

   When the protestant withdraws his protest to the entry of another upon the State's vacant and unappropriated lands, the cost

*In re* WILLIAMS.

of surveying the entry should not be taxed against him, but only the costs of the Superior Court, including any survey made by the order of the court.

WALKER and HOKE, JJ., dissenting.

PROCEEDING under the entry laws (Revisal, secs. 1707, 1708 and 1709), heard by *Guion, J.,* at June Term, 1907, of the Superior Court of BURKE County.

From the judgment rendered the protestants, A. G. Olmstead, Marlin E. Olmstead and F. L. Bartlett, appealed.

*Avery & Avery* and *J. F. Spainhour* for the enterer.
*John T. Perkins, S. J. Ervin* and *Avery & Ervin* for protestants.

BROWN, J.   The appellee, Williams, on 1 January, 1906, laid an entry in the county of Burke, as follows:

"No. 49.—R. Williams enters and locates 2,000 acres of land lying in Burke County and State of North Carolina, in Upper and Lower South Fork Township, and on the waters of Upper and Lower South Fork River, adjoining the lands known as the Queen and Gaither lands, P. A. Carswell's grant and the Erwin and Greenlee speculation land, and the F. S. Drury grant on the west, beginning on a stake, the corner of P. A. Carswell's grant, No. 16518, and in the line of said Queen and Gaither lands, and runs south 170 poles with said P. A. Carswell's line east to a white oak, Margaret Chapman's N. W. corner; thence south with her line, in part, and with F. S. Drury line 300 poles to a stake in the red line of the southern line run by Montgomery, known as the Erwin and Greenlee grant; thence west with said line to a stake in said line and corner of F. S. Drury grant; thence northwardly with said line as it meanders, and around with older-deeded land to the Queen and Gaither line and various courses and distances, so as to include all or any vacant lands.

"This January 1, 1906.          R. WILLIAMS, |
                                        *"Enterer."*

On 24 January, 1906, the appellants filed the following protest:

"*To* J. F. BATTLE,

"*Register of Deeds of Burke County.*

"You will take notice, that A. G. Olmstead, Marlin E. Olmstead and F. L. Bartlett claim title to the land sought to be entered by R. Williams on January 1, 1906 (No. 49), and hereby file their protest and *caveat* to the issuing of a warrant on said entry, protesting that said land is not vacant, and pray that you certify copy of the entry and protest to the Clerk of the Superior Court, as provided by law. This January 24, 1906.                    "A. G. OLMSTEAD,

                    "MARLIN E. OLMSTEAD,

                    "F. L. BARTLETT.

                    "By J. T. PERKINS,

                              "*Attorney.*"

The proceeding was transferred to the Superior Court for trial, and heard at June Term, 1907. At that term the protestants moved the court to be allowed to enter a nonsuit. This motion was denied, and protestants excepted. "Protestants come into court and, through their counsel, move to be allowed to withdraw their protest, to which R. Williams objects. Motion allowed. Judgment against protestants for the costs."

The court then, after reciting in its judgment the various steps taken in the proceeding, decreed as follows: "It is now, on motion of Avery & Avery, attorneys for said R. Williams, enterer, ordered, adjudged, decreed and declared that the said R. Williams has the right to a warrant of survey upon the entry described in the protest, and that the land covered by said entry is vacant, and that the protestants, A. G. Olmstead, Marlin E. Olmstead and F. L. Bartlett, are not the owners of any part of the land covered by said entry, and that, as against the protest and claim of the said A. G. Olmstead, Marlin E.

In re WILLIAMS.

Olmstead and F. L. Bartlett, the said enterer, R. Williams, has the lawful right to call upon the State of North Carolina to issue a grant, after a survey, upon said warrant for the land covered by such survey."

The protestants excepted to the form of this judgment and appealed.

1. We are of the opinion that his Honor did not err in refusing protestants' motion to be allowed to enter a nonsuit. As we have held, this proceeding is not a civil action. *Bowser v. Wescott,* at this term. The protestants do not occupy the attitude of plaintiffs in such action. This is a peculiar proceeding, devised by the General Assembly for the purpose of testing the right of an enterer to enter lands under our entry laws, claiming that they are vacant and unappropriated. It is not an action of ejectment or trespass. The proceeding is *sui generis,* but is more analogous to the *caveat* to a will than anything else. When the protest or *caveat* is filed and the proceeding transferred to the Superior Court for trial in accordance with the statute, the protestant cannot terminate the proceeding or avoid the effect of a judgment by submitting to a nonsuit.

2. While the protestant cannot take a nonsuit, he can withdraw his protest, just as a defendant in a civil action may withdraw his answer or the *caveators* to a will may withdraw their *caveat.* The protestant does not thereby part company with the proceeding. He still remains a party to it, as a defendant in a civil action does, although withdrawing his answer, and he may except to the form of and appeal from the judgment rendered, as he is unquestionably bound by that judgment to the extent the court had power to render it.

This brings us to the consideration of the exception of appellants to the judgment rendered.

As the proceeding is purely statutory, the judgment must follow the statute and be within its terms.

The withdrawal of the protest gave the court power to enter

*In re* WILLIAMS.

the same judgment against protestants which it would have rendered had the matter been tried before a jury and the right of a claimant to make the entry been sustained. Revisal, sec. 1713. The judgment should declare, after reciting the various steps in the proceeding, as has been done by his Honor, that the right of the enterer or claimant, R. Williams, to make the entry, No. 49, as set out in the record, be sustained, and that the entry-taker deliver to the said enterer a copy of the entry, with its proper number and a warrant to the survey, or to survey the same in accordance with the statute in such cases made and provided, to the end that said enterer or claimant may apply for the issuance of a grant according to law. Revisal, sec. 1713.

Let the cause be remanded, with instructions to enter judgment in accordance with this opinion. We see no reason why the protestants should be taxed with the cost of surveying the entry, which necessarily is subsequent to the withdrawal of the protest and would have been incurred by the claimant had there been no protest. All the costs of the Superior Court should be taxed against the protestants, including the costs of any survey made by direction of the court. Let the costs of this Court be equally divided between appellants and appellee, each paying one-half.

Modified and Affirmed.

WALKER and HOKE, JJ., dissent.